UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

RANDI ALEXANDER, *et al.*,

Plaintiffs,

v.

KATHRYN FALK, *et al.*,

Defendants.

Case No. 2:16-cv-02268-MMD-GWF

**ORDER**

This matter is before the Court on Defendants Kathryn Falk and Romantic Times, Inc.'s Motion for Sanctions Under Rule 37 to Dismiss All Claims for Medical and Psychological Damages Due to Failure to Produce Medical and Psychological Records (ECF No. 73), filed on June 21, 2018. Plaintiffs filed their Opposition (ECF No. 81) on July 6, 2018 and Defendants filed their Reply (ECF No. 82) on July 11, 2018. A hearing in this matter was conducted on July 19, 2018.

Defendants request the imposition of sanctions against Plaintiffs pursuant to Rule 37 of the Federal Rules of Civil Procedure. Rule 37(b) provides the court with a wide range of sanctions for a party's failure to adequately engage in discovery or comply with discovery orders. "Discovery sanctions serve the objectives of discovery by correcting for the adverse effects of discovery violations and deterring future discovery violations from occurring." *Taylor v. Illinois*, 484 U.S. 400, 425 (1988). Rule 16(f) gives the court broad discretion to sanction attorneys and parties who fail to comply with reasonable case management orders of the court. *Gutierrez-Howerton v. Gonzales*, 2014 WL 12694151, at \*2 (D. Nev. June 11, 2014). Similar to Rule 16(f), LR IA 11-8 also provides the Court with authority to impose "any and all appropriate sanctions on an attorney or party" that fails to comply with any order of this court. LR IA 11-8.

The Court may exercise discretion in fashioning the appropriate sanctions for violations of a court order. *Official Airline Guides, Inc. v. Goss,* 6 F.3d 1385, 1396 (9th Cir.1993). *Von Brimer v. Whirlpool Corp.,* 536 F.2d 838, 844 (9th Cir.1976). The Court considers the objective of Rule 16(f) to deter conduct that "unnecessarily consumes the Court's time and resources that could have been more productively utilized by litigants willing to follow the Court's procedures." *Martin Family Trust,* 186 F.R.D. at 603. The Court also considers the resources wasted by the parties due to their violations of the court's orders. *Hologram USA, Inc. v. Pulse Evolution Corp.*, 2015 WL 5165390, at *5 (D. Nev. Sept. 3, 2015), Fed. R. Civ. P. 16(f)(2).

Based on the findings set forth on the record, the Court grants, in part, and denies, in part, Defendants' motion for sanctions. The Court denies Defendants' request to strike Plaintiffs' medical records, but will allow Defendants to disclose experts regarding the medical and/or mental health treatment of Plaintiff Jackson Young. The parties are instructed to meet and confer and file a proposed scheduling order regarding expert witness disclosure no later than **July 27, 2018**.

Further, the Court sanctions Plaintiffs based on their failure to timely disclose mental health records and awards Defendants reasonable costs and attorney's fees incurred in preparing and filing their motion for sanctions. Counsel for Defendants shall no later than **August 3, 2018** serve and file a memorandum, supported by affidavit of counsel, establishing the amount of attorneys' fees and costs incurred as addressed in this order. The memorandum shall provide a reasonable itemization and description of work performed, identify the attorney(s) or staff member(s) performing the work, the customary fee of the attorney(s) or staff member(s) for such work, and the experience, reputation and ability of the attorney performing the work. The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

Counsel for Plaintiffs shall have fourteen (14) days from service of the memorandum of costs and attorney's fees, up to and including **August 17, 2018**, in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable

considerations deemed appropriate for the court to consider in determining the amount of costs and fees which should be awarded. Accordingly,

**IT IS HEREBY ORDERED** that Defendants Kathryn Falk and Romantic Times, Inc.'s Motion for Sanctions Under Rule 37 to Dismiss All Claims for Medical and Psychological Damages Due to Failure to Produce Medical and Psychological Records (ECF No. 73) is **granted,** in part, and **denied**, in part based on the findings set forth on the record and according to the provisions set forth in the foregoing order.

**IT IS FURTHER ORDERED** that the Court sanctions Plaintiffs in the amount of Defendants' reasonably attorney's fees and costs incurred in preparing and filing their motion for sanctions.

DATED this 19th day of July, 2018.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge